UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 02/14/03
BY ___

REV. CHARLES E. GUILLORY, HOWARD DESSELLES, CARLA R. COLEMAN, GAYLE SAMPSON, SARAH MOSE, MARILYN AUGUSTINE, CANDETA LIAR, SHONDALE JAMES, STACEY WILLIAMS, ILENE CARMOUCHE, BARBARA THOMAS, MARY WILLIAMS, ANARNEC BENTLEY, LADRIKA AUGUSTINE, REV. FLOYD MURRAY and THELMA JACKSON

CV03-0285A

Plaintiffs

VERSUS

JUDGE LITTLE

AVOYELLES PARISH SCHOOL BOARD, DR. RONALD N. MAYEUX, Superintendent, and KENNETH GREMILLION, LEONARD ARMAND, LINDA L. BORDELON, LYNN DELOACH, SHELIA BLACKMON-DUPAS, FREEMAN FORD, DEBBIE KELLER, STEVE LACOME, JOHN LEMOINE, CARLOS A. MAYEUX, JR., MELANIE MOREAU, ELAINE NORMAND and THOMAS WILLIBER, in their official capacities as Superintendent and members of the AVOYELLES PARISH SCHOOL BOARD, respectively

MAGISTRATE JUDGE KIRK

Defendants

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**1. The Nature of the Case**

1.     This is an action for declaratory and injunction relief to enforce the provisions of the Fourteenth and Fifteenth Amendments to the Constitution of the United States of America and §2 of the Voting Rights Act of 1965, 42 U.S.C. §1973, and to prevent deprivation of the rights, privileges and immunities secured by the aforementioned federal constitutional provisions and statute.



## II. Jurisdiction

2.  The jurisdiction of this Court is invoked under Title 28 of the United States Code, §§1331, 1343(3), 1343(4), and 2201; this complaint being authorized by Title 42 of the United States Code, §1983.

## III. Parties

3.  Plaintiffs, REV. CHARLES E. GUILLORY, HOWARD DESSELLES, CARLA R. COLEMAN, GAYLE SAMPSON, SARAH MOSE, MARILYN AUGUSTINE, CANDETA LIAR, SHONDALE JAMES, STACEY WILLIAMS, ILENE CARMOUCHE, BARBARA THOMAS, MARY WILLIAMS, ANARNEC BENTLEY, LADRIKA AUGUSTINE, REV. FLOYD MURRAY and THELMA JACKSON, are African-American adult citizens and registered voters of Avoyelles Parish, Louisiana. Plaintiffs desire to participate in the electoral and political process and to have their votes counted and be represented proportionately with white citizens in Avoyelles Parish.

4.  Defendant AVOYELLES PARISH SCHOOL BOARD is a body corporate and politic and political subdivision of the State of Louisiana, duly established under the laws and constitution of said State. It has policy making and administrative responsibilities of the AVOYELLES PARISH SCHOOL SYSTEM and has the power of suing and being sued in its own name.

5.  Defendants, DR. RONALD N. MAYEUX, KENNETH GREMILLION, LEONARD ARMAND, LINDA L. BORDELON, LYNN DELOACH, SHELIA BLACKMON-DUPAS, FREEMAN FORD, DEBBIE KELLER, STEVE LACOME, JOHN LEMOINE, CARLOS A. MAYEUX, JR., MELANIE MOREAU, ELAINE NORMAND and THOMAS WILLIBER, are the superintendent and board members respectively of the AVOYELLES PARISH SCHOOL

BOARD. They are sued in their official capacities only.

6. At all times set out herein, defendants were and have been acting under color of the statutes, ordinances, regulations, customs and usages of the State of Louisiana and Avoyelles Parish.

## IV. Facts

7. According to the 2000 United States Bureau of the Census, the population of Avoyelles Parish is 41,481 of which 28,402 are white and 12,362 are African American.

8. African Americans constitute thirty percent of the population of Avoyelles Parish.

9. African-Americans are mal-appropriated and under-represented on the Avoyelles Parish School Board.

10. African-Americans constitute a minority of the population in Avoyelles Parish.

11. The AVOYELLES PARISH SCHOOL BOARD is composed of thirteen districts. Terms of office are four years. Elections are partisan and candidates must receive a majority of the votes in the primary in order to run in the general election. On December 9, 2002, the United States Department of Justice precleared a reapportionment plan which reduces the number of school board members from thirteen (13) to nine (9).

12. There has been a history of official discrimination against African-Americans in Avoyelles Parish, including discrimination against African-Americans attempting to exercise their rights to the franchise.

13. Elections in Avoyelles Parish are polarized along racial lines.

14. The AVOYELLES PARISH SCHOOL BOARD has used, and continues to use, voting

procedures which enhance the opportunity for discrimination against minorities.

15. The political processes leading to election in Avoyelles Parish are not equally open to participation by African-Americans, in that African-Americans have less opportunity than other members of the electorate to participate in the political process and to elect candidates of their choice.

16. The African-American population in Avoyelles Parish is sufficiently compact and geographically insular to certainly constitute a majority in two of the nine single-member districts, possibly three, and substantial influence in several other districts.

17. The AVOYELLES PARISH SCHOOL BOARD currently has three majority Black districts.

18. The African-American vote is further diluted and influence reduced when the nine member plan was adopted to which African-American voters object.

19. African-Americans in Avoyelles Parish bear the effects of discrimination in such areas as education, employment and health which hinder their ability to participate effectively in the political process.

20. In the entire history of the AVOYELLES PARISH SCHOOL BOARD there has been three majority African-American districts in which African-Americans were elected.

21. On May 21, 2002, the AVOYELLES PARISH SCHOOL BOARD adopted a redistricting plan which provided for two minority districts previously had under the 1990 census. However, a reduction in Black population in one district further dilutes African-American voting strength resulting in a possible reduction of representation and is therefor retrogressive with only one viable majority-minority district.

22. On April 5, 2002, the minority school board members objected to the Board approved

Reapportionment Plan. The motion failed, with ten (10) "no" votes and three (3) "yes" votes.

23. The current proposed plan, which dilutes minority voting strength, was adopted with ten (10) "yes" votes and three (3) "no" votes. Several white school board members agreed that the adopted nine member plan diluted minority voting strength, as evidenced by correspondence to the United States Department of Justice's Civil Rights Division.

24. The purpose and result of having nine members on the AVOYELLES PARISH SCHOOL BOARD is to deny or abridge the right of African-Americans to vote on account of race or color. The result is the dilution of minority voting strength, in violation of the 1965 Voting Rights Act and the 15th Amendment to the United States Constitution, and a denial of Equal Protection as guaranteed by the 14th Amendment to the United States Constitution.

25. Qualifying for the April 5, 2003 election is February 12 - 14, 2003. The next primary election for the AVOYELLES PARISH SCHOOL BOARD is scheduled for April 5, 2003. The next general elections are scheduled for May 3, 2003.

## V. Causes of Action

26. The decrease of the AVOYELLES PARISH SCHOOL BOARD from thirteen members to nine members, with only two minority districts, one of which is a suspect district, results in the denial or abridgment of the rights of Plaintiffs to vote on account of race or color in violation of §2 of the Voting Rights Act of 1965, 41 U. S. C. §1973, and these election structures were adopted and are being maintained purposefully to dilute, minimize and cancel out the voting strength of African-Americans in violation of the rights of Plaintiffs secured by the Fourteenth and Fifteenth Amendments to the Constitution of the United States and §2 of the Voting Rights Act of 1965, 42 U.S.C. §1973.

## VI. Equitable Relief

27. There is a real and actual controversy existing between the parties. Plaintiffs have no adequate remedy at law other than this action for injunctive and declaratory relief. Plaintiffs are suffering and will continue to suffer irreparable injury as a result of the acts of Defendants complained of herein unless said acts are declared to be unlawful and enjoined by this Court.

WHEREFORE, Plaintiffs respectfully pray that this Court take jurisdiction of this case and:

(1) enter a declaratory judgment that the present method and plan of and for electing the members of the AVOYELLES PARISH SCHOOL BOARD is in violation of the Fourteenth and Fifteenth Amendments to the United States Constitution and §2 of the Voting Rights Act of 1965, 42 U.S.C. §1973, and enter a permanent injunction directed to the defendants against its further use;

(2) enjoin the qualifying period which begins February 12, 2003 and the primary election set for April 5, 2003;

(3) order into effect new procedures or plans for election of the AVOYELLES PARISH SCHOOL BOARD which provides Plaintiffs a remedy for the violations of their rights described above;

(4) award Plaintiffs the costs and expense of this action together with their reasonable attorney's fees;

(5) retain jurisdiction of this action and grant to Plaintiffs any further relief which may, in the discretion of this Court, be necessary and proper to insure that racially fair election procedures are employed in the selection of the AVOYELLES PARISH SCHOOL BOARD; and

(6) set a hearing on Plaintiffs' complaint prior to the date set for the April 5, 2003 primary election.

Respectfully submitted,

*[signature]*

CHARLES D. JONES
141 DESIARD STREET, SUITE 315
MONROE, LA 71201
318/325-2644
BAR ROLL NO. 07476

## VERIFICATION

STATE OF LOUISIANA

PARISH OF AVOYELLES

BEFORE ME, the undersigned Notary Public in and for the State and Parish aforestated,

PERSONALLY CAME AND APPEARED: REV. CHARLES E. GUILLORY, HOWARD DESSELLES and CARLA R. COLEMAN, who, after being duly sworn, did state as follows:

That they are the plaintiffs in the aforegoing Complaint for Injunctive and Declaratory Relief; that they have read same and all allegations of fact contained therein are true and correct to the best of their information, knowledge and belief.

_____
REV. CHARLES E. GUILLORY

_____
HOWARD DESSELLES

_____
CARLA R. COLEMAN

SWORN TO AND SUBSCRIBED before me this /4/ day of February, 2003.

_____
NOTARY PUBLIC

Please serve:

Avoyelles Parish School Board
through its President, Kenneth Gremillion
221 Tunica Drive West
Marksville, LA 71351

Dr. Ronald N. Mayeux, Superintendent
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Kenneth Gremillion, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Leonard Armand, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Linda L. Bordelon, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Lynn Deloach, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Shelia Blackmon-Dupas, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Freeman Ford, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Debbie Keller, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Steve Lacome, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

John Lemoine, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Carlos A. Mayeux, Jr., Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Melanie Moreau, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

Elaine Normand, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA  71351

Thomas Williber, Member
Avoyelles Parish School Board
221 Tunica Drive West
Marksville, LA 71351

RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  02/14/03
BY _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

REV. CHARLES E. GUILLORY, HOWARD
DESSELLES, CARLA R. COLEMAN, GAYLE
SAMPSON, SARAH MOSE, MARILYN AUGUSTINE,
CANDETA LIAR, SHONDALE JAMES, STACEY
WILLIAMS, ILENE CARMOUCHE, BARBARA
THOMAS, MARY WILLIAMS, ANARNEC BENTLEY,
LADRIKA AUGUSTINE, REV. FLOYD MURRAY and
THELMA JACKSON

CV03-0285 A

JUDGE LITTLE

MAGISTRATE JUDGE KIRK

Plaintiffs

VERSUS

AVOYELLES PARISH SCHOOL BOARD, DR.
RONALD N. MAYEUX, Superintendent, and KENNETH
GREMILLION, LEONARD ARMAND, LINDA L.
BORDELON, LYNN DELOACH, SHELIA BLACKMON-
DUPAS, FREEMAN FORD, DEBBIE KELLER, STEVE
LACOME, JOHN LEMOINE, CARLOS A. MAYEUX, JR.,
MELANIE MOREAU, ELAINE NORMAND and THOMAS
WILLIBER, in the official capacities as Superintendent and
members of the AVOYELLES PARISH SCHOOL BOARD,
respectively

Defendants

## ORDER

Considering the following:

IT IS ORDERED that a hearing on Plaintiffs' Complaint for Injunctive and Declaratory Relief to enjoin the qualifying period for Avoyelles Parish School Board members and the April 5, 2003 primary elections be held on the _____ day of _____, 2003 at ____ o'clock ___ m. at the Federal Courthouse in Alexandria, Louisiana.

_____
UNITED STATES DISTRICT JUDGE